STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-67

GLORIA FLEWELLING-RAFFORD and
ROGER RAFFORD
        Plaintiffs

V.

COMMERCIAL UNION-YORK INSURANCE CO. and
EDWARD GALL
        Defendants

**ORDER ON MOTION FOR
SUMMARY JUDGMENT**

This matter comes before the court again on a Motion for Summary Judgment, this time brought by defendant Commercial Union-York Insurance Company (C.U.). [1] The parties agree that no materials facts are in dispute, with one critical exception.

C.U. conducted an insurance inspection of the Gall building in order to set the appropriate premium for liability insurance. C.U.'s inspector, Sarge Daigle, noticed the absence of handrails along the stairway to the basement. Plaintiff Flewelling maintains that Daigle failed to note this in his report and did not inform Gall about the problem. Furthermore, she claims that Daigle failed to follow up with Gall to insure that he had installed handrails. This, Flewelling maintains, amounts to gross negligence, for which she should receive judgment for her injuries.

### DISCUSSION

The parties agree that 14 M.R.S.A. §167 controls this litigation. Section 167 exempts insurers from liability arising from the furnishing of or failure to furnish insurance inspection services, such as those which were provided by C.U. However, there are three exceptions to this defense for liability. Of the

---

[1] The court decided an earlier Motion for Summary Judgment by order dated February 12, 2001. That order did not distinguish between the defendants, but should have specified that the motion was brought by defendant Gall. Background for this motion was set forth in the February order and is incorporated herein.

three exceptions, the only one which could apply in this case would exempt from the non-liability provision, "any action against an insurer, its agents, employers, or service contractors for damages proximately caused by the act or omission of the insurer, its agents, employers, or service contractors in which it is determined that such act or omission constituted...gross negligence." Section 167 (3). The plaintiffs take the position that C.U.'s agent, inspector Daigle, committed gross negligence by observing a missing handrail during his inspection but failing to put his observation in his report as a recommended repair, as well as not following up with Gall to insure the handrail had been installed.

In Maine "gross negligence" has no specific legal meaning in civil proceedings. Beaulieu v. Beaulieu, 265 A.2d 610, 611-12 (Me. 1970). C.U. maintains that the term gross negligence in the present context must mean an act or omission cause willfully, wantonly, or recklessly. Black's Law Dictionary defines gross negligence as something more than negligence required to establish liability in civil cases but something less than willful and wanton conduct. C.U. argues that the plaintiffs have offered no evidence on a higher degree of carelessness and is entitled to summary judgment. Plaintiffs argue in response simply that this is a factual question for the jury.

The essential issue is to what degree might C.U. have been negligent, if at all. This is a qualitative question going directly to the magnitude of any breach of duty. Such measurement is a classic jury function.

The entry will be: Commercial Union-York Insurance's Motion for Summary Judgment is DENIED.

DATED: 6/5/01

S. Kirk Studstrup
Justice, Superior Court

2

Date Filed __4/6/00__  __Kennebec__  Docket No. __CV00-67__

County

Action __Property Negligence__

J. STUDSTRUP

Gloria Flewelling-Rafford, Roger Rafford   vs. Comm Union-York Ins Co f/k/a Commercial Unic
                                                Ins Co & Edward Gall

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Michael J Welch Esq<br>PO Box 3065<br>Lewiston Me 04243 | ~~Brenda Piampiano Esq~~<br>~~707 Sable Oaks Dr~~<br>~~So Portland Me 04260~~<br><br>David C King Esq (Comm Union-York) 4/18/00<br>PO Box 1401<br>Bangor Me 04402<br><br>Wm Druary Jr Esq (Gall) 4/21/00<br>PO Box 708<br>Waterville Me 04903 |

| Date of Entry | |
|---|---|
| 4/6/00 | Complaint, filed  s/Welch Esq<br>Case file notice mailed to Atty.<br>Original summons with return service made on Commercial Union-York Insurance Company on 3/30/00 filed.<br>Notice of discovery service filed.  s/Welch Esq<br>Interrogatories propounded to defendant, request for production of document served on Commercial Union-York Ins on 3/30/00 |
| 4/18/00 | Defenses and answer filed.  s/King Esq |
| 4/18/00 | Original summons with service on Edward Gall on 4/11/00 filed. s/Welch Esq |
| 4/19/00 | Notice of discovery service filed.  s/Welch Esq<br>Plaintiffs designation of expert witnesses served on William J Druary Jr Esq on 4/17/00 |
| 4/20/00 | Notice of discovery service filed.  s/Welch Esq<br>Interrogatories propounded by plaintiff request for production of documents served on Edward C Gall on 4/11/00 |
| 4/21/00 | Answer of defendant Edward C Gall filed.  s/Druary Jr Esq |
| 4/21/00 | Notice of discovery service filed.  s/Druary Jr Esq<br>Defendant Galls objections to plaintiffs interrogatories served on Michael J Welch Esq on 4/19/00 |
| 4/24/00 | SCHEDULING ORDER, Studstrup, J.<br>"Scheduling Order filed.  Discovery deadline is December 24, 2000."<br>Copies mailed to attys of record. |
| 4/27/00 | Notification of Discovery Service, filed  s/Druary, Jr. Esq<br>Notice to Produce to Plaintiff Gloria FlewellingRafford Interrogatories to Plaintiff, Gloria Flewelling Rafford and Interrogatories to Plaintiff Roger Rafford served on Michael J. Welch  Jr., Esq  on 4/25/00 |